```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

RAND A. THOMAS,

              Petitioner,          **DECISION AND ORDER**
   -vs-                               **No. 09-CV-1055(MAT)**

THE PEOPLE OF THE STATE OF NEW YORK,

              Respondent.
_____

## I.   Introduction

Rand A. Thomas ("Thomas" or "Petitioner") brings this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging that he is being held in state custody in violation of his federal constitutional rights. Petitioner's state custody arises from a judgment of conviction entered on April 11, 2008, following his guilty plea to two felony counts of driving while intoxicated. Petitioner is presently serving an indeterminate term of one and one-third to four years imprisonment for these convictions.

Petitioner asserts in his habeas petition that he was denied his Sixth Amendment right to the effective assistance of counsel during the plea proceeding and at sentencing. Specifically, Petitioner claims that his trial counsel falsely promised that he would receive a probation-only sentence. Petitioner also faults trial counsel for failing to argue that a 1992 driving while intoxicated conviction was defective on Double Jeopardy grounds and

was improperly used as a predicate felony conviction to enhance his current sentence.

Neither of these claims were raised on direct appeal or in any state-court collateral proceeding. Respondent argues that Petitioner has failed to exhaust his ineffective assistance of counsel claims because they have not been presented in any state-court forum. Petitioner has acknowledged in pleadings filed with this Court that the claims are unexhausted. He has affirmatively stated that he will not return to state court in order to exhaust them, however.

For the reasons that follow, the Court finds that the claims, although unexhausted, may be dismissed under 28 U.S.C. § 2254(b)(2), because they are wholly without merit under any standard of review.

**II. Exhaustion**

Before a federal court may consider the merits of a habeas claim, a petitioner is first required to exhaust his available state court remedies. See 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State."); accord Daye v. Attorney Gen'l of N.Y., 696 F.2d 186, 190-91 (2d Cir. 1982) (en banc).

To properly exhaust a habeas claim, a petitioner is required to present that claim to each available level of the state courts. E.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (a habeas petitioner must invoke "one complete round of the State's established appellate review process"). The petitioner also must have fairly presented the federal nature of his claim to the state courts. E.g., Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

However, pursuant to the 1996 amendments to the habeas statute, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(2). There remains no specific guidance from the Second Circuit or the Supreme Court regarding the standard to be used determining whether an unexhausted claim should be dismissed on the merits under 28 U.S.C. § 2254(b)(2). A majority of the district courts have used a "patently frivolous" standard, while others use a "non-meritorious" standard, dismissing a claim when it is "perfectly clear that the [petitioner] does not raise even a colorable federal claim." E.g., Jones v. Lape, No. 9:08-CV-1310 (TJM)(ATB), 2010 WL 3119514, at *10 (N.D.N.Y. May 28, 2010) (citing

Hernandez v. Conway, 485 F. Supp.2d 266, 273 (W.D.N.Y. 2007) (collecting cases)).[1]

**III. Analysis**

    **A.   Ineffective Assistance of Trial Counsel at the Plea Proceeding**

Petitioner claims that trial counsel informed him that he would receive five years of probation and instead he was sentenced to a term of imprisonment. Notwithstanding Petitioner's failure to exhaust this ineffective assistance claim, it should still be dismissed on the merits pursuant to the authority conferred under 28 U.S.C. § 2254(b)(2). Regardless of the standard against which the ineffectiveness claim is measured, it cannot provide a basis for habeas relief.

A guilty plea operates as a waiver of important constitutional rights, and is valid only if done knowingly, intelligently, and voluntarily "'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)); see also Hill v. Lockhart, 474 U.S. 52, 56 (1985) (stating that a guilty plea must represent a voluntary and

---

[1] The Supreme Court's decision in Rhines v. Weber, 544 U.S. 269, (2005), suggests another possible standard. See Scott v. Dennison, 739 F. Supp.2d 342, 351 (W.D.N.Y. 2010). In Rhines, the Supreme Court held even if petitioner has good cause for his failure to exhaust his claims first in state court, it would an abuse of discretion to grant a stay where the unexhausted claims are "plainly meritless." 544 U.S. at 277.

intelligent choice among the alternative courses of action open to the petitioner). "[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." Bradshaw, 545 U.S. at 186 (citations omitted). Rather, a defendant may challenged the validity of his guilty plea only if can show either that he entered into the unfavorable deal due to constitutionally-defective advice from counsel or that he could not understand the terms of the bargain. Id. (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

To prevail on a claim of ineffective assistance of counsel, the defendant must meet the two-pronged standard of (1) showing that counsel's conduct falls below "an objective standard of reasonableness" under "prevailing professional norms" and (2) affirmatively proving prejudice, that is, demonstrating a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687–88 (1984). In the context of a guilty plea, the criminal defendant must also show a reasonable possibility that but for counsel's errors, the outcome would have been different–i.e., that he would not have pleaded guilty and would likely have been acquitted at trial, or would have received a significantly more favorable sentence. Hill v. Lockhart,

474 U.S. at 59-60; accord Carrion v. Smith, 549 F.3d 583, 588 (2d Cir. 2008).

"When a state court guilty plea is alleged to be constitutionally invalid because the defendant was not told or was misinformed about sentencing information requisite to an informed plea, the issue is "whether the defendant was aware of actual sentencing possibilities, and, if not, whether accurate information would have made any difference in his decision to enter a plea.'" Hunter v. Fogg, 616 F.2d 55, 58 (2d Cir. 1980) (quoting Caputo v. Henderson, 541 F.2d 979, 984 (2d Cir. 1976); Kelleher v. Henderson, 531 F.2d 78 (2d Cir. 1976)). See also Joyner v. Vacco, 97 cv 7047, 2000 WL 282901, at *7 (S.D.N.Y. Mar. 15, 2000) ("As a practical matter, the two-part Hunter test is seldom met. In particular, courts have often found that even though a petitioner had been inaccurately informed of the actual sentence facing him, accurate information would not have changed his decision to plead guilty. A petitioner's chances of success at trial, and his understanding of those chances, is an important consideration in making this determination.").

Here, the record of the plea colloquy directly contradicts Petitioner's contention that trial counsel misinformed him about his potential sentencing exposure. The trial court explained to Petitioner that the maximum sentence that it could impose would be concurrent terms of one and one-third to four years in prison; a

$5,000 fine; and revocation of Petitioner's driver's license. After speaking briefly with his attorney, Petitioner stated that he understood his possible sentencing exposure. Petitioner then clearly and coherently allocuted to the two counts of felony driving while intoxicated. Petitioner also confirmed the validity of a 1999 prior felony driving while intoxicated conviction sought to be used as a predicate felony by the prosecution, and explicitly declined to challenge that conviction. Significantly, Petitioner denied, on the record, that any other promises had been made to him to induce his guilty plea.

A defendant's "statements at a plea allocution carry a strong presumption of veracity[.]" United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Petitioner's sworn statements to the trial court establish that he "was aware of actual sentencing possibilities," Hunter, 616 F.2d at 58. Moreover, Petitioner's statements under oath belie his claim that he was misinformed about his sentencing exposure or that there was any representation by trial counsel that a probation-only sentence was possible. Apart from his self-serving assertions, Petitioner has not provided any other proof to substantiate his claim that trial counsel erroneously informed him that he would receive a probation-only sentence. The claim is wholly without merit and is denied.

**B.    Ineffective Assistance of Counsel at Sentencing**

Petitioner claims that counsel was ineffective at sentencing in failing to argue that a 1992 conviction was improperly used as a predicate felony to enhance his sentence for the instant convictions, and was purportedly defective on Double Jeopardy grounds.[2] Notwithstanding Petitioner's failure to exhaust this ineffective assistance claim, it should still be dismissed on the merits pursuant to the authority conferred under 28 U.S.C. § 2254(b)(2). Regardless of the standard against which the ineffectiveness claim is measured, it cannot provide a basis for habeas relief. The record belies Petitioner's claim that trial counsel did not attempt to controvert the 1992 conviction at sentencing, as discussed further below.

On April 7, 2008, Petitioner appeared with his original attorney, who explained to the court that Petitioner did not wish to proceed with sentencing because he believed that he had pleaded guilty in violation of his Double Jeopardy rights. Counsel further explained that Petitioner believed that he had been fined illegally, questioned the veracity of the probation report, and was under the impression that the sentencing proceeding was intended to be a hearing to have the judge recused because the judge had

---

[2] The Fifth Amendment's prohibition on Double Jeopardy protects persons from being punished twice for a single criminal offense. U.S. Const. amend. V.; see also Brown v. Ohio, 432 U.S. 161, 165 (1977).

previously prosecuted Petitioner. Finally, counsel informed the court that Petitioner no longer desired his services and wanted new counsel. The trial court informed Petitioner that there was no basis for his recusal, but granted Petitioner's request for new counsel.

On April 11, 2008, Petitioner appeared for sentencing with new counsel, who stated that Petitioner wished to controvert the validity of a 1992 felony driving while intoxicated conviction. Counsel explained that it was Petitioner's contention that the 1992 conviction should not have served as a predicate offense for the purpose of elevating Petitioner's 1999 driving while intoxicated conviction to a felony.

At Petitioner's request, the trial court reviewed the 1992 plea transcript. The trial court rejected Petitioner's alleged Double Jeopardy claim, stating,

> I again fail to see what connection [the transcripts] have with the matter here except to remind me how many times [Petitioner] has been convicted of driving while intoxicated. . . .

Transcript of Sentencing Hearing at 5. As the trial court explained, Petitioner's 1992 conviction was irrelevant because his current sentence was being enhanced based on the 1999 conviction, the validity of which Petitioner expressly affirmed during his plea.

As the foregoing excerpts from the record demonstrate, Petitioner thus cannot show that trial counsel was deficient in

failing to make the requested argument. Rather, the record establishes that counsel did put forward the argument at Petitioner's behest, but it was rejected by the trial court because it was entirely meritless. Likewise, Petitioner cannot demonstrate that he was prejudiced by counsel's performance. Even if counsel had declined to raise the argument, Petitioner still could not succeed on a claim of ineffectiveness because the claim was without merit. See Aparicio v. Artuz, 269 F.3d 78, 99 & n.10 (2d Cir. 2001) ("The failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which Petitioner was entitled. . . . Because the double jeopardy claim was meritless, Petitioner's trial counsel was not ineffective for failing to raise it. And thus, Petitioner's appellate counsel was not ineffective for failing to raise the ineffectiveness of trial counsel.") (internal quotations and citations omitted).

Furthermore, Petitioner is precluded asserting a stand-alone challenge to the validity of the 1992 or 1999 convictions in this habeas petition. In Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court explained that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal

sentence, the defendant generally may not challenge the enhanced sentence . . . on the ground that the prior conviction was unconstitutionally obtained." Id. at 403 (citing Daniels v. United States, 532 U.S. 374 2001)); see also id. (extending the Daniels holding to cover § 2254 petitions directed at enhanced state sentences). Here, Petitioner's case falls under the Coss holding: The prior 1992 and 1999 convictions are "no longer open to direct or collateral attack in [their] own right . . . because the defendant did so unsuccessfully[,]" 532 U.S. at 403, and they therefore are regarded as "conclusively valid[,]" id.

Five justices of the Supreme Court in Coss recognized one exception to this rule: "When an otherwise qualified . . . petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." Coss, 532 U.S. at 404 (citing Gideon v. Wainwright, 372 U.S. 335 (1963) (establishing the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one)).

In part III(B) of the Coss opinion, a portion of the opinion in which only a plurality joined, there is a reference to "another

-11-

exception" in addition to the failure to appoint counsel. Coss, 121 S. Ct. at 1574-75. The plurality gave the following examples of this second exception, which appeared to encompass situations where the habeas petitioner's failure to timely attack the fully expired prior sentence on federal grounds was not attributable to the petitioner: where the State court, without justification, refused to rule on a constitutional claim that has been properly presented to it or where there was evidence discovered only after the time for State review had expired that proved the petitioner is actually innocent of the crime. See id.

Only a plurality of the Supreme Court endorsed the foregoing exceptions. Because the first condition was the only one embraced by a majority of justices in Coss, some courts have therefore considered the failure to appoint counsel to be the sole instance in which the exception is available. Venson v. Killina, Civil Action No. 07-1569, 2009 WL 1228444, at *8 n.3 (W.D. Pa. May 5, 2009) ("Because, the second exception is accepted by only a plurality of the Supreme Court, it is not binding.") (citing United States v. Velasquez, 885 F.2d 1076, 1085 (3d Cir.1989) (plurality opinion from Supreme Court not binding on lower courts); see also Bowers v. Miller, No. 05-CV-6023L, 2009 WL 2045630, at *1 (W.D.N.Y. July 10, 2009); Roberts v. Cambra, Civil No. 01cv0057-L(POR), 2009 WL 4261201, at *2 (S.D. Cal. Nov. 23, 2009). Petitioner Thomas, however, cannot meet any of the three conditions, so the outcome is

the same, regardless. See Valdez v. Hulihan, 640 F. Supp.2d 514, 516 n.1 (S.D.N.Y. 2009) (addressing the three exceptions in Coss because consideration of them would not change the outcome of the habeas petition).

In sum, Petitioner has failed to demonstrate that he was not competently represented by counsel at his plea proceeding or at sentencing. His claims of ineffective assistance are wholly without merit and must be dismissed.

**IV. Conclusion**

For the reasons stated above, Rand Thomas's request for writ of habeas corpus is denied, and the petition is dismissed. Because Petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal in forma pauperis.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:    June 14, 2011
          Rochester, New York